UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

XAVIER SMITH,

               Plaintiff,            Case No. 1:23-cv-1243

v.                                     Honorable Phillip J. Green

JOHN DAVIS, et al.,

               Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis* in a prior order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 18, PageID.187.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Physician Assistant Unknown Party #1, Psychologist

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Unknown Party #2, and Head Program Leader Unknown Party #4. The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claims regarding Plaintiff's allegedly inadequate mental health care and Plaintiff's Fourteenth Amendment due process and equal protection claims against remaining Defendants Warden Davis and Assistant Deputy Warden Unknown Party #3. Plaintiff's Eighth Amendment claim regarding his continued detention in segregation-like conditions against Defendants Davis and Assistant Deputy Warden Unknown Party #3 will remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff[2] is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following ICF officials and medical staff: Warden John Davis, Physician Assistant Unknown Party #1, Psychologist Unknown Party #2, Assistant Deputy Warden Unknown Party #3, and Head Program Leader Unknown Party #4. (Am.

---

[2] The Court notes that Plaintiff, Xaiver Smith, is the sole Plaintiff in this action. Originally, Plaintiff filed a civil rights action with eight other state prisoners. (*See* ECF No. 1.) In an order entered on November 28, 2023, the Court, *inter alia*, concluded that the interests of justice favored severing the Plaintiffs' claims into separate actions. (ECF No. 16, PageID.175–179.) The Court directed each remaining Plaintiff to file an amended complaint in that Plaintiff's newly opened action. (*Id.*, PageID.181.) Plaintiff filed an amended complaint, and his claims continue in the instant case.

Compl., ECF No. 18, PageID.184, 185.)  Plaintiff sues Defendants in their individual and official capacities.  (*Id.*, PageID.185.)

In Plaintiff's amended complaint, he states that on May 5, 2022, he was placed in the Start Now Program[3] despite the fact that he did not have any "pending tickets."[4]  (*Id.*, PageID.186.)  Plaintiff claims that Defendant Warden Davis and Defendant Assistant Deputy Warden Unknown Party #3 have "kept [him in the] Start Program."  (*Id.*)

At an unspecified time, Plaintiff told the psychologist (Defendant Unknown Party #2) that he is depressed, hearing voices, and has PTSD.  (*Id.*)  Plaintiff claims that in the Start Now Program, "we're suppose[d] to have [general population] things such as phone, loner TV[s], [general population] store [items, and] groups," but "we do not have [general population] things."  (*Id.*)  Instead, Plaintiff claims that he is "lock[ed] down all day."  (*Id.*)  Plaintiff is unable to use the phone or JPay "more than once a week."  (*Id.*, PageID.189.)

Plaintiff states that he is "starting to distance [him]self because [he has been in] seg[regation] for 2 years."  (*Id.*, PageID.186, 189.)  Plaintiff told the assistant deputy warden (Defendant Unknown Party #3) and psychologist (Defendant Unknown Party #2) "more than one time about these issues."  (*Id.*, PageID.186.)

---

[3] The Court has previously recognized that Start Units are programs designed to provide an alternative to administrative segregation for those inmates who, *inter alia*, have been diagnosed with serious mental illnesses. *See Medina-Rodriguez v. Frank*, No. 1:22-cv-471, 2022 WL 17038113, at *2 n.2 (W.D. Mich. Nov. 17, 2022). "Inmates are classified according to stage, with corresponding restrictions." *Id.*

[4] In this opinion, the Court corrects the spelling and capitalization in quotations from Plaintiff's filings.

5

Plaintiff alleges that the Start Now Program "is making [his] mental [health] worse" and that he has "had mental breakdowns." (*Id.*)  Plaintiff also alleges that unnamed persons "took [him] off [the] med[ications] [he] needs for depressi[on]." (*Id.*, PageID.189.)

Further, Plaintiff alleges that he has talked with the assistant deputy warden (Defendant Unknown Party #3), warden (Defendant Davis), and psychologist (Defendant Unknown Party #2) about being removed from the Start Now Program. (*Id.*, PageID.186.)  Plaintiff claims that he does not "get the mental help [he] need[s]," and that being in the Start Now Program prevents Plaintiff from being able to take certain classes "so [he] can go home." (*Id.*, PageID.186.)

Based on the foregoing allegations, the Court construes Plaintiff's amended complaint to raise claims under the Eighth Amendment, and the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. (*See id.*, PageID.186, 189.)  As relief, Plaintiff seeks monetary damages, as well as injunctive relief. (*Id.*, PageID.187.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must

determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Physician Assistant Unknown Party #1 and Head Program Leader Unknown Party #4

With respect to Defendants Physician Assistant Unknown Party #1 and Head Program Leader Unknown Party #4, Plaintiff fails to allege facts showing how these Defendants were personally involved in the violation of his constitutional rights. (*See generally* Am. Compl., ECF No. 18.) Specifically, when listing the Defendants named in this action, Plaintiff lists these Defendants, however, Plaintiff fails to name Defendants Physician Assistant Unknown Party #1 and Head Program Leader Unknown Party #4 in the body of his amended complaint. (*See id.*, PageID.186, 189.) Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Plaintiff's claims against Defendants Physician Assistant Unknown Party #1 and Head Program Leader Unknown Party #4, therefore, fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Plaintiff's claims against Defendants

8

Physician Assistant Unknown Party #1 and Head Program Leader Unknown Party #4 will be dismissed.

### B. Eighth Amendment Claims

#### 1. Claim Regarding Continued Detention in Segregation-Like Conditions

The Court construes Plaintiff's amended complaint to raise an Eighth Amendment claim regarding his continued confinement in the Start Now Program.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. Further, the Eighth Amendment protects against the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). However, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*.

9

In order for a prisoner to prevail on an Eighth Amendment claim regarding the conditions of confinement, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

In this action, Plaintiff alleges that he is "lock[ed] down all day," and that he is "starting to distance [him]self [from others] because [he has been in] seg[regation] for 2 years." (Am. Compl., ECF No. 18, PageID.186, 189.) Plaintiff also alleges that the Start Now Program "is making [his] mental [health] worse" and that he has "had mental breakdowns." (*Id.*) Plaintiff claims that he has talked with the assistant deputy warden (Defendant Unknown Party #3), warden (Defendant Davis), and psychologist (Unknown Party #2) about being removed from the Start Now Program. (*Id.*, PageID.186.) However, Plaintiff claims that Defendant Warden Davis and Defendant Assistant Deputy Warden Unknown Party #3 have "kept [him in the] Start Program." (*Id.*)

As to Defendant Psychologist Unknown Party #2, although Plaintiff alleges that he asked this Defendant about being removed from the Start Now Program, Plaintiff does not allege that Defendant Psychologist Unknown Party #2 was involved in the decision to keep Plaintiff in the program. Instead, Plaintiff's allegations suggest that Defendants Warden Davis and Assistant Deputy Warden Unknown

10

Party #3 were involved in that decision. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). Because Plaintiff does not allege facts suggesting that Defendant Psychologist Unknown Party #2 had the authority to remove Plaintiff from the Start Now Program, Plaintiff's Eighth Amendment claim against Defendant Psychologist Unknown Party #2 regarding Plaintiff's continued detention in the Start Now Program will be dismissed. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

As to Defendants Warden Davis and Assistant Deputy Warden Unknown Party #3, Plaintiff alleges that Plaintiff has serious mental health issues, and that these Defendants were aware of this, but that they continued to house Plaintiff in a restrictive segregation setting for two years. Although Plaintiff has by no means proven his Eighth Amendment claims, at this stage of the proceedings, taking Plaintiff's factual allegations as true and in the light most favorable to him, the Court will not dismiss Plaintiff's Eighth Amendment claim regarding Plaintiff's continued detention in segregation-like conditions against Defendants Davis and Assistant Deputy Warden Unknown Party #3. *Cf. J.H. v. Williamson Cnty., Tenn.*, 951 F.3d 709, 719 (6th Cir. 2020) ("Placement of a mentally-ill detainee in solitary confinement 'raises a genuine concern that the negative psychological effects of his segregation will drive him to self-harm.'" (citation omitted)); *Snider v. Saad*, No. 1:20-cv-963,

11

2020 WL 6737432, at *7–8 (W.D. Mich. Nov. 17, 2020) (concluding that the prisoner-plaintiff's Eighth Amendment claim against members of the SCC regarding his conditions of confinement, which he alleged were more severe than typical conditions of segregation, and which he alleged had a particularly "deleterious impact on him" due to his mental illness could not be dismissed on initial review).

### 2.     Mental Health Care Claims

The Eighth Amendment is also violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Here, Plaintiff alleges that unnamed persons "took [him] off [the] med[ications] [he] needs for depressi[on]," and that the Start Now Program "is making [his] mental [health] worse." (Am. Compl., ECF No. 18, PageID186, 189.) The Court assumes,

12

without deciding, that Plaintiff's mental health care needs are sufficiently serious to satisfy the objective component of the relevant two-prong test. However, as to the subjective component, Plaintiff does not allege that any of the named Defendants had any involvement in Plaintiff's receipt, or lack thereof, of mental health care. (*See id.*, PageID.186, 189.) It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Because Plaintiff fails to allege that any of the named Defendants were involved in his mental health care, Plaintiff fails to state an Eighth Amendment claim against Defendants regarding Plaintiff's allegedly inadequate mental health care.

Accordingly, Plaintiff's Eighth Amendment claim against Defendants Warden Davis, Psychologist Unknown Party #2, and Assistant Deputy Warden Unknown Party #3 regarding Plaintiff's allegedly inadequate mental health care will be dismissed.

### C. Fourteenth Amendment Claims

#### 1. Due Process Claims

The Court also construes Plaintiff's amended complaint to raise due process claims regarding his placement in the Start Now Program. (*See* Am. Compl., ECF No. 18, PageID.186 (stating that Plaintiff was placed in the Start Now Program despite the fact that he did not have any "pending tickets").)

### a. Procedural Due Process Claims

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The United States Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472, 484 (1995). According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

Here, Plaintiff's amended complaint suggests that he was improperly placed in the Start Now Program without due process. Plaintiff contends that the conditions

14

of the Start Now Program are similar to segregation, and he states that he is handcuffed "everywhere [he] go[es]." (Am. Compl., ECF No. 18, PageID.186.) Plaintiff does not allege that his placement in the Start Now Program will affect the duration of his sentence,[5] and as explained below, Plaintiff has failed to allege sufficient facts to show that the Start Now Program is an atypical and significant deprivation.

The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum*, 427 U.S. at 228–29. Although Plaintiff claims in a conclusory manner that the conditions of the Start Now Program are similar to segregation and that he is handcuffed "everywhere [he] go[es]," Plaintiff alleges insufficient facts to suggest that his placement there is an atypical and significant deprivation. *See, e.g., Jackson v. Berean*, No. 1:18-cv-1075, 2019 WL 1253196, at *11

---

[5] Plaintiff claims that the Start Now Program prevents him from being able to take certain classes "so [he] can go home. (Am. Compl., ECF No. 18, PageID.186.) However, federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs under the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that the Due Process Clause was not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (concluding that prisoners have no constitutional right to rehabilitation, education or jobs). Furthermore, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Plaintiff has no reasonable expectation of liberty until he has served his maximum sentence. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Id.* at 11.

15

(W.D. Mich. Mar. 19, 2019) ("[The Start program], which is less restrictive on the whole than the administrative segregation at issue in *Sandin*, necessarily falls short of an atypical and significant hardship."), *aff'd*, No. 19-1583, 2019 WL 6208147 (6th Cir. Nov. 19, 2019); *Dickerson v. Davids*, No. 1:21-cv-401, 2021 WL 3928667, at *4 (W.D. Mich. Sept. 2, 2021).

Accordingly, for the reasons set forth above, Plaintiff fails to state a Fourteenth Amendment procedural due process claim against Defendants regarding his placement in the Start Now Program.

### b. Substantive Due Process Claims

To the extent that Plaintiff intended to raise a substantive due process claim, he fails to state such a claim. "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

In this action, Plaintiff fails to allege conduct that is sufficiently outrageous to support a substantive due process claim. Based on the facts alleged by Plaintiff, it is clear that Plaintiff disagrees with his placement in the Start Now Program, however, Plaintiff's allegations fall short of demonstrating the sort of egregious conduct that would support a substantive due process claim. Consequently, any intended substantive due process claims against Defendants will be dismissed.

### 2. Equal Protection Claims

In Plaintiff's amended complaint, he alleges that participants in the Start Now Program are "suppose[d] to have [general population] things," but they "do not." (Am. Compl., ECF No. 18, PageID.186.) The Court construes Plaintiff's claim to allege a violation of his equal protection rights under the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . .

17

must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff contends that Start Now Program participants at ICF are denied "general population things," which he claims they are supposed to have. (Am. Compl., ECF No. 18, PageID.186.) However, it is not at all clear from Plaintiff's amended complaint that Start Now Program participants and general population prisoners are similarly situated in all relevant respects. Furthermore, Plaintiff fails to allege that any of the named Defendants had any involvement in denying Start Now Program participants "general population things." It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Plaintiff has failed to allege sufficient facts to show that any of the named Defendants were involved in the denial of Start Now Program participants' access to "general population things." *See Gilmore*, 92 F. App'x at 190; *Frazier*, 41 F. App'x at 764.

Accordingly, for these reasons, the Court will dismiss any intended Fourteenth Amendment equal protection claims.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Physician Assistant Unknown Party #1, Psychologist Unknown Party #2, and Head Program Leader Unknown Party #4 will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim,

Plaintiff's Eighth Amendment claims regarding Plaintiff's allegedly inadequate mental health care and Plaintiff's Fourteenth Amendment due process and equal protection claims against remaining Defendants Warden Davis and Assistant Deputy Warden Unknown Party #3. Plaintiff's Eighth Amendment claim regarding his continued detention in segregation-like conditions against Defendants Davis and Assistant Deputy Warden Unknown Party #3 will remain in the case.

An order consistent with this opinion will be entered.


Dated: April 9, 2024                         /s/ Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge